UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:17-CR-00596-2 |
| | § | CIVIL ACTION NO. 2:19-CV-287 |
| NALLELY MILAGROS ALEJANDRO | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHOUT PREJUDICE**

Nallely Milagros Alejandro (Alejandro) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 102. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2017) (2255 Rules). The Court, therefore, dismisses Alejandro's § 2255 motion without prejudice because her direct appeal remains pending.

**I. JURISDICTION**

Jurisdiction is alleged over this matter pursuant to 28 U.S.C. § 2255.

**II. BACKGROUND**

Alejandro plead guilty to Conspiracy to Transport Undocumented Aliens, and Transportation of an Undocumented Alien on November 29, 2017. D.E. 67. The Court sentenced Alejandro to 33 months imprisonment and two years of supervised release. *Id*. Judgment was entered on the docket on March 6, 2018. *Id*. Alejandro filed a notice of appeal from her final judgment four days later. D.E. 69. Her present motion was filed on September 25, 2019. D.E. 102. At this time, her appeal is still pending in the 5th Circuit.

## III. MOVANT'S ALLEGATIONS

Alejandro challenges her conviction of conspiracy to transport undocumented aliens, and transportation of an undocumented alien. She claims ineffective assistance of counsel because counsel allegedly: (1) failed to object to a downward adjustment of her acceptance of responsibility, (2) failed in Alejandro's sentencing hearing to bring up her subsequent cooperation with the government, and (3) did not argue that although Alejandro confessed to the conspiracy charges, she did not bring in or harbor any undocumented aliens.

## IV. LAW AND ANALYSIS

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998). The Fifth Circuit holds that a "motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968). Without extraordinary circumstances, a district court is ordinarily precluded from considering a motion to vacate under § 2255 when the movant's direct appeal is pending. Rule 5, Rules Governing Section 2255 Proceedings in the United States District Courts, Advisory Committee Note (1976 Adoption).

Alejandro appealed her conviction before the expiration of the 14-day period in which to file an appeal. D.E. 69; *See* Fed. R. App. P. 4(b) (amend. eff. Dec. 1, 2010). Her appeal is

currently pending in the Fifth Circuit. Because of the pendency of her appeal, the Court dismisses her motion without prejudice.

## V. CONCLUSION

Alejandro's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 102) is DISMISSED without prejudice to Alejandro's right to file the same after the disposition of her direct appeal.

SIGNED and ORDERED this 3rd day of October, 2019.

_____
Janis Graham Jack
Senior United States District Judge